```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CONSTANTINE TASLIS A/K/A KOSTAS    )
TASLIS and ELAINE TASLIS           )
        Plaintiffs,                )
                                   )
        v.                         )   C.A. No. 13-13045-MLW
                                   )
WASHINGTON MUTUAL BANK,F.A.,       )
U.S. BANK NATIONAL ASSOCIATION     )
AS TRUSTEE FOR WAMU MORTGAGE       )
PASS-THROUGH      CERTIFICATES,    )
SERIES 2006-AR13 and SELECT        )
PORTFOLIO SERVICING, INC.,         )
        Defendants.                )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          March 16, 2015

Plaintiffs Constantine and Elaine Taslis (collectively "Talises") bring this action against defendants Washington Mutual Bank ("WaMu"), U.S. Bank National Association ("U.S. Bank") as Trustee for the Mortgage Company, and Select Portfolio Servicing, Inc. ("SPS"). Plaintiffs allege wrongful foreclosure and predatory lending in violation of: M.G.L. c.244 §§14, 34 and 35; M.G.L. c.183C; 209 C.M.R. §§32.00 et seq.; 209 C.M.R. §§40.01 et seq.; M.G.L.c.93A; the Truth in Lending Act ("TILA"), 15 U.S.C. §§1601 et seq.; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605 et seq. Defendants U.S. Bank and SPS removed this case to federal court based on diversity of citizenship. They argue that WaMu is not a

properly joined defendant because it is a failed financial institution. See Notice of Removal.

U.S. Bank and SPS have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Taslises oppose. For the reasons fully explained in defendants' Memorandum of Law in Support of Motion to Dismiss (Docket No. 9) ("Defendants' Memorandum"), the motion is meritorious. This case is, therefore, being dismissed.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Taking the allegations contained in the Complaint as true and drawing all reasonable inference in the plaintiffs' favor, id. at 678, the court finds that the plaintiffs have failed to state a plausible claim for relief.

In counts 1, 2, 3, and 4, plaintiffs allege that defendants violated M.G.L. c.244 by failing to send them a "right to cure" notice as required by the statute. They also contend that defendants have not made the required showing that U.S. Bank held the relevant promissory note at the time of the

foreclosure. The foreclosure was scheduled for November 5, 2013, but was subsequently cancelled.

In deciding whether to dismiss these claims, the court may consider official public records, including court records. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). In this case, the records of the Bankruptcy Court disclose the following: Plaintiffs filed for bankruptcy on September 8, 2008. See Docket for In re: Constantine Taslis and Elaine Taslis, Case No. 08-16730-JNF (the "Bankruptcy Case"). On July 22, 2010, plaintiffs filed their Fifth Amended Plan of Reorganization under Chapter 11 (the "Chapter 11 Plan"), which stated that "[t]he Debtor will surrender the property to Washington Mutual in full satisfaction of its claim." See Bankruptcy Case Docket, at Doc. No.250, at 9. The Chapter 11 Plan further provided that "[t]he rights, duties and obligations of any person named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such person." Id. at 15. The Bankruptcy Court approved the Chapter 11 Plan on November 16, 2010. See Bankruptcy Case Docket, at Doc.No.292.

This case is, in all material respects concerning the Chapter 244 claim, analogous to Souza v. Bank of America, Nat. Ass'n, 2013 WL 3457185 (D. Mass., 2013). In Souza, Chief Judge Patti Saris held that "[t]he discharge of a homeowner's

3

promissory note in bankruptcy does not impede the lender's ability to foreclose the homeowner's interest in the real estate serving as collateral for the debt." Id. at *2. This is because "the doctrine of judicial estoppel prevents a mortgagor from challenging the 'foreclosure of the same property that he surrendered in the Bankruptcy Court in exchange for the discharge of his debts.'" Id. at *3 (quoting Ibanez v. U.S. Bank Nat'l Ass'n, 856 F. Supp. 2d 273, 275 (D. Mass. 2012)). Therefore, the court concluded, plaintiff's "surrender of the property has deprived [plaintiff] of standing to challenge its foreclosure." Id. For the reasons persuasively explained by Chief Judge Saris, these conclusions are equally applicable to the Chapter 244 claims in the instant case. The court is, therefore, dismissing Counts 1, 2, 3, and 4.

Plaintiff's allegations in Counts 5, 6, and 7 are based on WaMu's alleged "predatory lending" in 2006 in violation of M.G.L. c.183C. Chapter 183C applies to "high cost home mortgage loans," which the statute defines, in part, as "a consumer credit transaction that is secured by the borrower's principal dwelling . . . ." See M.G.L. c.183C, §2 (emphasis added). In their Complaint, plaintiffs allege that they reside in Haverhill, Massachusetts, see Verified Complaint ¶1, and refer to the property subject to foreclosure at 218

4

Lowell Street, Lexington, Massachusetts, as "plaintiff's investment property," see id. ¶35. Therefore, plaintiffs have failed to state a plausible claim that Chapter 183C applies to this case.[1]

Plaintiffs allege that they closed on the mortgage loan from WaMu in August, 2006. They did not, however, file the instant case until 2013. Therefore, plaintiffs' Chapter 183C claims are also barred by the applicable five-year statute of limitation. See M.G.L. c.183C, §15(b)(1).

As fully explained in Defendants' Memorandum, plaintiffs' M.G.L. c.93A claim is barred by the applicable four-year statute of limitations. See M.G.L. c.260, §5A. Plaintiffs' RESPA claim is also barred by the applicable three-year statute of limitations. See 15 U.S.C. §1640(e) and §1635(f).

In addition, plaintiffs' claims arising from the alleged misconduct of WaMu are barred because it is a failed

---

[1] Although plaintiffs claim in their Memorandum in Opposition to Motion to Dismiss (Docket No. 13) that they lived at 218 Lowell Street "for a period of time," this statement, and the documents relating to it, may not be considered to contradict the allegations in their Complaint. See Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) ("Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint.").

financial institution. Therefore, this court lacks jurisdiction over such claims. See 12 U.S.C. § 1821(d)(13)(D); Demelo v. U.S. Bank National Association, 727 F.3d 117 (1st Cir. 2013).

In view of the foregoing, it is hereby ORDERED that defendants' Motion to Dismiss (Docket No. 9) is ALLOWED and this case is DISMISSED.

/s/ _____
UNITED STATES DISTRICT JUDGE